NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1184
_____

UNITED STATES OF AMERICA

v.

ROBERT K. BURNS,
Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-19-cr-0317-001)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2022

Before:  CHAGARES, *Chief Judge,* JORDAN, and SCIRICA, *Circuit Judges*

(Filed November 30, 2022)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Robert Burns challenges his 48-month sentence for consumer product tampering

as substantively unreasonable.  We will affirm.

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

## I.    BACKGROUND

In May 2019, Burns returned a package of lansoprazole, a medication used to treat certain stomach and esophagus problems, to a CVS store in Enola, Pennsylvania.  Prior to returning the package, he had removed the pills from the original bottles, replaced them with other pills such as vitamins and fatty-acid supplements, resealed the bottles, put them back in the cardboard packaging, and resealed the packaging.  Around the same time, he also tampered with and returned sinus relief products (substituting digestive medications) and a tube of toothpaste (in which he had inserted pieces of paper and plastic).

A few months later, in August 2019, law enforcement officers executed a search warrant at Burns's residence, where they discovered additional products that had been tampered with,[1] product tampering supplies, and spreadsheets on Burns's computer reflecting his tampering plans.  The spreadsheets listed product names, local stores where the products were available, product prices, completed returns, and planned returns.

Furthermore, during the investigation, law enforcement officers learned from a former Dollar Store employee that Burns had returned "sixty to eighty items to [his] store[.]"  (App. at 31.) Most of the items were over-the-counter allergy medicines, but the former employee also reported that Burns returned two bottles of ketchup, one of which "smelled like kerosene."  (App. at 31-32.)

---

[1] These products included vitamins, allergy medication, and, again, lansoprazole.

A grand jury returned a two-count indictment charging Burns with tampering with consumer products, in violation of 18 U.S.C. § 1365(a)(4) (Count 1), and attempted tampering with consumer products, in violation of 18 U.S.C. § 1365(a)(l) (Count 2). Burns pled guilty to Count 1, pursuant to a written plea agreement.

The District Court sentenced Burns to 48 months' imprisonment. This timely appeal followed.

## II. DISCUSSION[2]

Burns submits that his sentence is substantively unreasonable.[3] He contends that no reasonable sentencing court would impose the same sentence, given the ambiguity of his intent and certain mitigating factors. We review the substantive reasonableness of a sentence for abuse of discretion.[4] *Gall v. United States*, 552 U.S. 38, 51 (2007); *United*

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[3] "[Burns] does not contend that his sentence is procedurally unreasonable." (Opening Br. at 7). Accordingly, he has forfeited any such argument. *United States v. Stadtmauer*, 620 F.3d 238, 264 n.31 (3d Cir. 2010).

[4] Our analysis addresses mixed questions of law and fact, but, consistent with our precedent, we utilize a "unitary abuse-of-discretion standard," *United States v. Wise*, 515 F.3d 207, 217 n.5 (3d Cir. 2008) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403 (1990)), by accepting findings of fact by the District Court (unless clearly erroneous), and granting "due deference" to the District Court's application of the guidelines to the facts. 18 U.S.C. § 3742(e); *see also United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) ("[A]n abuse of discretion has occurred if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion.")

We exercise plenary review over a District Court's interpretation of the Sentencing Guidelines, *United States v. Bell*, 947 F.3d 49, 54 (3d Cir. 2020), but, based

*States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). As the party challenging the sentence, Burns bears the burden of demonstrating unreasonableness and must demonstrate that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Tomko,* 562 F.3d at 568.

Reviewing courts "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *Rita v. United States*, 551 U.S. 338, 347 (2007). At sentencing, the District Court adopted the probation office's determination of a total offense level of 22, which included a three-level downward departure for acceptance of responsibility. Burns requested an additional downward departure under § 2N1.1 of the guidelines, but the District Court denied his request. Accordingly, given that his criminal history put him in category two, the guidelines range was 46 to 57 months, and the District Court sentenced him to 48 months.

On appeal, Burns contends that the District Court improperly denied his request for a downward departure under Application Note 1 to § 2N1.1, which provides: "In the unusual case in which [a consumer product tampering] offense did not cause a risk of death or serious bodily injury, and neither caused nor was intended to cause bodily injury, a downward departure may be warranted." U.S.S.G. § 2N1 cmt.n.1.

---

on the parties' briefing, the issue here concerns the District Court's *application* – not legal interpretation – of the Sentencing Guidelines.

Burns says that his case represents the "unusual" type contemplated by the guidelines. (Opening Br. at 10.) He maintains that his behavior "was ultimately a petty, if somewhat sophisticated, theft, which was not intended to cause harm[,]" and with which he merely intended to "earn a few extra dollars[.]" (Opening Br. at 11-12.) Burns therefore avers that, since his "offense did not cause a risk of death or serious bodily injury," and since the District Court could not definitively determine his intentions from the record, his case was unusual enough to justify a downward departure under the Sentencing Guidelines. (Opening Br. at 10-12.) We are unpersuaded.

As to risk, the fact that no harm resulted from Burns's product tampering does not mean there was no risk of harm. Section 2N1.1 contemplates a downward departure when an offense "did not cause a *risk* of death or serious bodily injury[.]" USSG § 2N1.1, comment. (n.1) (emphasis added.) That was not the case here. As the District Court aptly stated at the sentencing hearing, "[t]his is an area that is fraught with danger to the public[.]" (App. at 47.)

Burns argues that since the District Court did not give any reasons "to support its blanket statement that the offense was 'fraught with danger to the public[,]'" the sentence was substantively unreasonable. (Opening Br. at 8-9.) It is clear, however, that Burns's tampering with consumer products intended for ingestion carried a risk of serious bodily injury, or even death.

Burns further posits that because his substitutions were benign (*e.g.,* replacing stomach pills with relatively harmless vitamins and fatty-acid supplements), his actions should be considered harmless. But the risk of harm was still there. When, for example,

5

a consumer purchases a medication to treat stomach problems, anticipates relief, and instead experiences worsened symptoms and further delay of effective treatment due to "faulty" medication, there is obviously a risk of harm, perhaps serious harm. And consumers can typically avoid substances to which they have allergies, but not if those substances are secretly inserted in products. Thus, we agree with the District Court that Burns's behavior was inherently dangerous and caused risk of serious bodily injury.

As to an intention to cause bodily injury, the District Court agreed that the record did not provide great clarity about Burns's intent, but, ultimately, it found his explanations for why he engaged in tampering to be less than convincing. It accepted, at least to some degree, his assertions that he did not intend to commit a violent crime and that he believed the opened packaging would "be placed in the trash either by law or company policy once returned." (Opening Br. at 11.) Nevertheless, the Court found it dubious "to think that [Burns] was attempting to receive some sort of recompense for a prior product that was returned but not refunded." (App. at 47.) Furthermore, the Court rejected Burns's characterization of his actions as "crude resealing efforts" and instead found that evidence of his "sophisticated efforts" manifested an "intent to conceal" that belied any stated expectation that the returned packages would not be purchased by future customers. (App. at 34.) Indeed, a customer "purchased [one of Burns's] tampered product[s] four days [after Burns returned it][,]" but fortunately the customer was perceptive enough to suspect something before ingesting the wrong product. (App. at 34.)

There was nothing amiss in the District Court's reasoning and application of the Sentencing Guidelines in denying a downward departure under § 2N1.1, comment. (n.1). Therefore, we presume Burns's within-guidelines sentence is reasonable. *Rita*, 551 U.S. at 347. Burns attempts to rebut that presumption by arguing that the District Court's analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a) identified but did not give enough weight to mitigating factors such as his "significant employment history," his "limited criminal record," and the fact that he was a "successful employee engaged in a variety of occupations." (App. at 46.) He asserts that "a reasonable sentencing court would have used these mitigating factors to impose a different, lesser sentence[.]" (Opening Br. at 10.).

Our review of a sentencing court's application of the § 3553(a) factors is "highly deferential." *United States v. Bungar*, 478 F.3d 540, 543 (2007). While § 3553(a) instructs a sentencing court to consider the history and characteristics of a defendant, it also instructs the court to consider, *inter alia*, the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense as well as afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1) and (2). Here, the District Court acknowledged Burns's mitigating circumstances, but found the nature and circumstances of the offense to be an "aggravating factor," highlighting a need for "specific and general deterrence." (App. at 46-47.) The Court also expressed concerns about recidivism given the considerable evidence of sophisticated tampering operations discovered in Burns's basement, which, combined with other evidence, evinced that he was engaged in a "pattern of conduct and

not an isolated incident." (App. at 47.) Consequently – and even in light of Burns's mitigating factors – the District Court reasonably concluded that a sentence toward the low-end of the guideline range was sufficient but not greater than necessary to satisfy the aims of sentencing.

In short, Burns has failed to demonstrate that no reasonable sentencing court would have imposed the same sentence here, and the District Court did not abuse its discretion in imposing it.

## III.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's sentence.